UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:16-cv-2875 |
| ) | Judge Aleta A. Trauger |
| ) | |
| SMILEY DENTAL ASSOCIATES, INC.; ) | |
| KIM SMILEY; GEORGE WESLEY ) | |
| SMILEY; and GEORGE WESLEY SMILEY, ) | |
| d/b/a SMILEY TOOTH SPA, INC.; ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM & ORDER

Two of the defendants, Smiley Dental Associates, Inc. and Dr. Kim Smiley (collectively, the "Moving Defendants"), have filed a Motion to Dismiss (Docket No. 11), to which the plaintiff has filed a Response in Opposition (Docket No. 13). For the following reasons, the motion will be denied.

## BACKGROUND & PROCEDURAL HISTORY

The plaintiff, Thomas E. Perez (the "Secretary"), was – until recently[1] – the Secretary of Labor and, as such, was charged with enforcing the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of the Department of Labor. The FLSA requires employers "to pay employees engaged in commerce a wage consistent with the minimum wage established

---

[1] At the time that this Complaint was filed, Mr. Perez was the Secretary of Labor. (Docket No. 1.) Since then, a change in presidential administrations occurred, and Mr. Perez is no longer serving as Secretary. As of the issuance of this Memorandum & Order, the Department of Labor is headed by an Acting Secretary – Edward Hugler – and the court will refrain from automatically substituting a new plaintiff pursuant to Federal Rule of Civil Procedure 25(d) until such time as a new Secretary of Labor has been confirmed.

1

by the Act" and prohibits employers from requiring employees to work more than 40 hours per workweek, "unless those employees receive overtime compensation at a rate of not less than one-and-one half times their regular pay." *Ellington v. City of East Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (quoting *Baden–Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626 (6th Cir. 2009)) (citing 29 U.S.C. § 206(a)). A two-year limitations period applies to all claims for unpaid minimum and overtime wages brought pursuant to the FLSA, unless "the cause of action aris[es] out of a willful violation" of the Act's provisions, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a).

On November 14, 2016, the Secretary filed this action against the defendants, alleging that they violated the FLSA when they failed to pay required minimum and overtime wages to their dental assistants and hygienists. (Docket No. 1 ¶¶ 3, 4, 6.) The Secretary further alleges that the defendants failed to "make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the [business]," including by "alter[ing] payroll records to reflect workweeks with 40 hours or less worked, rather than reporting employees' actual hours worked." (*Id.* ¶ 7.) The Secretary seeks a permanent injunction prohibiting the defendants from further violations of the FLSA and an award of back wages and liquidated damages to affected employees "for a period of three years prior to the filing of the Complaint (taking into consideration the tolling agreement entered into between the parties)." (*Id.* ¶ 8.)

According to the tolling agreement – which is attached to the Complaint[2] – the Secretary

---

[2] Although courts generally do not consider extrinsic materials in ruling on a motion to dismiss, it may consider documents that were attached to the pleadings. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). The tolling agreement was attached to the Complaint, and the court may properly include the agreement in its consideration of the pending motion.

began an investigation into the defendants' pay practices on January 17, 2016, almost a year before he filed the instant action. (Docket No. 1-2, p. 1.) The agreement states that the parties "want the opportunity to discuss this matter further, to attempt to reach a settlement, to attempt to resolve the outstanding disputes, and to further investigate where appropriate." (*Id.*) After recognizing that the FLSA's statute of limitations could bar claims later brought by the Secretary or affected employees pursuant to the Act, the defendants agree to toll the running of the limitations period "[i]n exchange for the Secretary's agreement to withhold immediate filing of legal proceedings." (*Id.*) The agreement further provides that "the statute of limitations will be tolled beginning on 1-17-2013 thru 1-27-2013 ("Tolling Date")," and "[a]ny legal or equitable proceedings that may be brought against [the defendants] as a result of the Secretary's findings from this investigation or by affected employees will be deemed to have been filed on the Tolling Date." (*Id.* at p. 2.) The agreement is dated April 1, 2016 and signed by Dr. Kim Smiley and a wage and hour investigator for the Department of Labor. (*Id.* at p. 3.) Curiously, the word "superceded [sic]" is handwritten at the bottom of the agreement's first page (*id.* at p. 1), a point that neither the Moving Defendants nor the Secretary has addressed.

On February 3, 2017, the Moving Defendants filed a Motion to Dismiss (Docket No. 11), accompanied by a Memorandum in support (Docket No. 12). The Moving Defendants argue that the court should dismiss any of the Secretary's claims that accrued on or before November 14, 2014, because they are barred by the FLSA's two-year statute of limitations. (*Id.* at p. 3.)[3] First,

---

[3] In the Motion, the Moving Defendants did not limit their request for dismissal of the Secretary's claims to those that accrued prior to November 14, 2014 but, rather, generally requested that the court "enter an Order dismissing [the Secretary's] claims against them." (Docket No. 11.) The concurrently filed Memorandum, however, does not repeat this general request, and it articulates no challenge to the sufficiency of the Complaint's allegations beyond the arguments regarding their timeliness that are discussed above. (*See* Docket No. 12, pp. 2–3.) Moreover, after reviewing the Complaint, the court finds no deficiencies in the allegations that

the Moving Defendants argue that the tolling agreement does not extend the applicable limitations period because "it provides a statute of limitations that is not logical for the current action" and is, therefore "defective." (*Id.* at p. 2.) Second, they argue that the three-year limitations period provided in 29 U.S.C. § 255(a) does not apply to the Secretary's claims, because any violation of the FLSA committed by the Moving Defendants was not committed "willful[ly]." (*Id.* at p. 3.) Moreover, the Moving Defendants argue that "the statute of limitations defense could eliminate claims by some of the named employees, the discovery related to those employees, and potentially the discovery for the years occurring prior to November 14, 2014." (*Id.*) The Moving Defendants "acknowledge," however, "that a conclusion related to whether the alleged violation was willful will need to be made at some later date in the form of a summary judgment motion or at trial, based on findings of the court or the jury." (*Id.* at p. 3 n.1.)

On February 14, 2017, the Secretary filed a Response in opposition to the pending motion, arguing primarily that it prematurely raises issues that are appropriately addressed not on a motion to dismiss but, rather, on a motion regarding the merits of the Moving Defendants' affirmative defenses made after discovery is complete. (Docket No. 13, pp. 3–4.) Moreover, the Secretary argues, the Complaint "makes no claim as to the validity or effect of the [t]olling [a]greement" and is, therefore, "irrelevant to the issue of whether the facts alleged in the Complaint adequately state a claim for relief." (*Id.* at p. 3.) Finally, the Secretary argues, neither the tolling agreement nor the length of the limitations period have any impact on the discovery to which he would be entitled in pursuing his claims, as "evidence of prior violative conduct may

---

would merit dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The court will, therefore, confine its consideration of the pending motion to the arguments regarding timeliness made by the Moving Defendants therein.

4

be introduced to show willfulness and the improbability of future compliance," which supports the request for injunctive relief made in the Complaint. (*Id.* at pp. 5–6 (citing *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999); *Martin v. Funtime, Inc.*, 963 F.2d 110, 114–15 (6th Cir. 1992).)

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *accord Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Detailed factual allegations are not required, but a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on labels, "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *accord Twombly*, 550 U.S. at 555.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Moving Defendants request that the court dismiss all claims that "accru[ed] on or before November 14, 2014" on the grounds that they fall outside of the FLSA's two-year limitations period. (Docket No. 12, p. 3.) Specifically, the Moving Defendants argue that, (1) if they committed any violation of the FLSA, it was not done "willfully" and, therefore, the Act's two-year statute of limitations applies; and (2) the tolling agreement attached to the Complaint is void and does not extend the applicable limitations period. (*Id.* at pp. 2–3.) These arguments, however, fail to recognize the rather lenient standard that the court must apply to the Complaint's allegations in its consideration of a motion to dismiss, particularly when the defendant has requested dismissal of the plaintiff's claims on the grounds that they are time-barred.

Pursuant to Federal Rule of Civil Procedure 8(c), the argument that a plaintiff's claims are barred by the applicable statute of limitations is an affirmative defense and, as the Sixth Circuit has noted, a plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (emphasis added) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). For this reason, a motion under Rule 12(b)(6) – which considers only the allegations in the Complaint – is generally considered an "inappropriate vehicle" for dismissing a claim that falls outside of the relevant limitations period. *Id.* It is only when the allegations in the Complaint "affirmatively show that the claim is time-barred" that dismissing that claim under Rule 12(b)(6) is appropriate. *Id.* (citing *Jones*, 549 U.S. at 215 ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

6

The Complaint sufficiently alleges that the Moving Defendants willfully violated the FLSA and, therefore, does not "affirmatively show" that the Secretary's claims accruing more than two years before the filing of the Complaint should be dismissed. An FLSA violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). As a preliminary matter, the court notes that the Moving Defendants themselves have acknowledged that ultimate resolution of the issue of willfulness cannot be made at this stage in the litigation but will need to be made "at some later date in the form of a summary judgment motion or at trial, based on findings of the court or the jury." (Docket No. 12, p. 3 n.1.)

Moreover, the allegations in the Complaint are more than sufficient to state a plausible claim that the Defendants violated the FLSA willfully. Not only does the Secretary allege that the Moving Defendants have "willfully and repeatedly violated the provisions" of the FLSA since January of 2012, but he also alleges that they altered payroll records to make it appear that their employees worked fewer than 40 hours per week, even when they did not. (Docket No. 1 ¶ 7.) The Complaint, therefore, makes factual allegations regarding a system by which the Moving Defendants took the affirmative step of altering their own records in what could be reasonably interpreted as a deliberate attempt to avoid paying wages required under the FLSA. These allegations about the Moving Defendants' attempts to intentionally evade the requirements of the FLSA make the allegation of willfulness plausible, and the court, therefore, cannot conclude that the Secretary's claims are limited by the FLSA's two-year statute of limitations.

Nor does the court find it appropriate to determine the validity of the tolling agreement attached to the Complaint or its effect on the limitations period for the Secretary's claims at this

stage in the litigation. The Moving Defendants argue that the Tolling Agreement is "defective" because it provides a statute of limitations that is "not logical," but they do not explain *how* the agreement's tolling period is illogical, nor do they cite any legal authority that could provide guidance to the court in addressing their concerns. It appears to the court that the agreement is capable of more than one reasonable interpretation regarding the length of the tolling period to which the parties agreed, and neither the Moving Defendants nor the Secretary have taken any position or advanced any argument regarding the appropriate interpretation of the agreement's terms or its intended effect. The court has also noticed a number of issues regarding the agreement that the parties have simply not addressed, including the fact that the word "superceded [sic]" is handwritten along the bottom of the first page, and the apparent definition of the "Tolling Date" as a range of dates occurring in January of 2013, a full three years before the investigation into the Moving Defendants' pay practices even began. The validity of the tolling agreement, and its impact on the Secretary's claims, are clearly in need of further development by the parties, and the court cannot – and will not – rule on those issues at this time.

## CONCLUSION

For the reasons discussed herein, the Motion to Dismiss filed by the defendants (Docket No. 11) is **DENIED**.

It is so **ORDERED**.

Enter this 21st day of March 2017.

_____
ALETA A. TRAUGER
United States District Judge